### EAGAN v. BOARD OF EDUCATION.

(Supreme Court, Special Term, Kings County.   January, 1909.)

1. MUNICIPAL CORPORATIONS (§ 1040*)—ACTION AGAINST BOARD OF EDUCATION —COSTS.

   Where plaintiff recovers a judgment in an action against the board of education, he can recover the costs, under Code Civ. Proc. § 3245, if his claim before suit was duly presented to the auditing department of the defendant.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 2214; Dec. Dig. § 1040.*]

2. WORDS AND PHRASES—"FISCAL."

   "Fiscal" is defined, as a noun, by Webster as "treasurer," and as an adjective, "financial, pertaining to finance"; so that the comptroller of a city, who is the sole treasurer of the board of education, is the only fiscal officer of the board.

   [Ed. Note.—For other definitions, see Words and Phrases, vol. 3, p. 2824.]

Action by one Eagan against the Board of Education. Judgment for plaintiff. On motion, under Code Civ. Proc. § 3245, by defendant for costs. Denied.

See, also, 115 N. Y. Supp. 165.

Francis K. Pendleton (Chas. McIntyre and Stephen O'Brien, of counsel), for the motion.

Lavinia Lally, opposed.

MAREAN, J. The purpose of section 3245 of the Code of Civil Procedure, touching costs in actions such as this, is to protect municipal corporations against the initial costs of suits upon undisputed claims. Whatever is unmistakably within the statute must, of course, not be read out of it by construction; but, on the other hand, nothing not within its spirit and intent, and not within its unequivocal terms, must be read into it. The section referred to, it should be remarked, was not drafted for the cases of claims against the board of education, a corporation quite unique in many respects and especially in respect to its finances.

It may be safely asserted that the comptroller of the city has been always regarded as the fiscal officer of the board of education, and I see no reason why that view should not be adopted for the purpose of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the question under consideration. "Fiscal" as a noun is defined by Webster, "treasurer;" as an adjective, "financial, pertaining to finance." The comptroller is in fact the sole treasurer of the board of education; the sole and only custodian and disburser of the funds appropriated to its use. His actual function is that of chief and only fiscal officer of the board. The contention is a mere verbal quibble, entitled to no respect. All claims against the board must be paid by him as though he were in terms treasurer of the board. He occupies, then, exactly that relation to the payment of claims against the board which the statute contemplated in making notice before suit to the fiscal officer a condition to the right to costs, and notice to him secures that protection against vexation and unnecessary costs added to undefended claims which the statute was intended to afford.

I am, besides, satisfied that the claim was duly presented to the auditing department of the defendant, so as to satisfy the condition of the statute.

Motion denied, with $10 costs.